UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER STROSS<br><br>Plaintiff,<br><br>vs.<br><br>MORRIS GLASS COMPANY, INC.,<br>KERRY MORRIS, and JULIE MORRIS<br><br>Defendants | CIVIL ACTION : 1:23-cv-263 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Alexander Stross, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendants Morris Glass Company, Inc., Kerry Morris, and Julie Morris.

## PARTIES

1. Plaintiff Alexander Stross ("Plaintiff" or "Stross") is an individual residing in Garden Ridge, Texas.

2. Defendant Morris Glass Company, Inc. ("Defendant" or "Morris Glass") is a domestic corporation with its principal place of business at 3575 Rocking J Road, Round Rock, Texas 78665. According to records filed with the Texas Secretary of State, Defendant may be served with process through its registered agent, Pat L. Garner, at 217 East Edgewood, Friendswood, Texas 77546.

3. Defendant Kerry Morris ("Defendant" or "Kerry Morris") is an individual residing in Texas who, upon information and belief, may be personally served at 2413 Donner Path, Round Rock, Texas 78681, or wherever he may be found.

4. Defendant Julie Morris ("Defendant" or "Julie Morris") is an individual residing in Texas who, upon information and belief, may be personally served at 2413 Donner Path, Round Rock, Texas 78681, or wherever she may be found.

## NATURE OF THE CLAIMS

5. This is an action for copyright infringement, arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendant's website.

## JURISDICTION AND VENUE

6. This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

7. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9. Alexander Stross is an accomplished professional photographer whose work focuses on architectural and landscape photography. His works have appeared in many notable publications, such as People, Country Living, Luxury Home Magazine, Luxe, Refine and New

Home Guide; as well as appearing on billboards, online advertising, and on broadcast shows, including the Today Show and Yahoo! News with Katie Couric.

10. Upon information and belief, Morris Glass Company is a closely held Texas corporation based in Round Rock, Texas that is owned and operated by co-defendants Kerry and Julie Morris.

11. Stross is the sole author and creator of the photo at issue in this action (the "Photo"), which depicts a home designed by noted architect Matt Garcia known as the "Waterfall House." A copy of the Photo is set forth below.



12. The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 1-932-505, effective October 27, 2014.

13. Defendant prominently featured the Photo on its website at www.morrisglasstx.com/custom-residential-2/, as shown on the following page—without any authorization or license to do so.





14. In addition to being displayed without authorization, Stross' copyright notice, which appeared at the bottom of the Photo, is cropped out of the photograph—presumably in an effort to facilitate infringement.[1]

---

[1] Plaintiff is currently investigating the source of Defendants' use of the photo and will amend his complaint to add a claim for violation of the Digital Millennium Copyright Act (DMCA), if appropriate, for the removal of copyright management information under 17 U.S.C. § 1202.

15. On January 4, 2023, Stross placed Defendants on notice of their unauthorized use of the Photo and followed-up several times in a good faith effort to resolve his claims for copyright infringement. Although Defendants eventually removed the Photo from the website, they rejected Plaintiff's efforts to settle his claims, leaving him with no alternative but to proceed with this lawsuit.

## COUNT 1: COPYRIGHT INFRINGEMENT

16. Stross realleges and incorporates herein the foregoing paragraphs.

17. By the actions alleged above, Defendants have infringed Stross' copyright in the Photo. Specifically, by copying, displaying distributing and otherwise exploiting the Photo on its website, Defendants have infringed Stross' exclusive rights set forth in 17 U.S.C. § 106.

18. Further, Defendant's actions constituted willful infringement of Stross' copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights. For instance, Morris Glass has previously admitted that they sourced the photo from a glass installer and used the photo without confirming any right to do so, which constitutes evidence of reckless—and therefore willful—infringement. *See, e.g., Unicolors Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported a finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

19. As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendant's profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

## COUNT 2: VICARIOUS COPYRIGHT INFRINGEMENT

20. Plaintiff realleges and incorporates herein the foregoing paragraphs.

21. In addition to, and/or in the alternative to direct infringement, Defendants Kerry and Julie Morris—as directors of Morris Glass Company—are liable for vicarious infringement because they had the right and ability to supervise the infringing activities of Morris Glass and its employees and contractors (by virtue of their roles in the closely held company), the practical ability to stop the infringement (by prohibiting the use of the Photo, requiring proof of authorization to use the Photo, and/or removing the Photo), and they had a direct financial interest in Morris Glass' infringing activities by virtue of any leads generated through the use of the Photo, their ownership interest in the company, and the saved costs of licensing fees (had the work been properly licensed from Plaintiff). *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

22. Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Photo was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights and/or remained willfully blind by failing to ensure that the image was properly licensed.

23. As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendants' profits; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

# PRAYER

Plaintiff prays for:

A. An order that Defendant and all persons under his direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B. For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D. Prejudgment and post-judgment interest on any damage award as permitted by law; and

E. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
408 West 11th Street, Fifth Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com

By: /s/ R. Buck McKinney
R. Buck McKinney
Texas Bar No. 00784572
buck@aminiconant.com
*Counsel for Plaintiff*