UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER STROSS,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §    No. 1:23-CV-00263-RP |
| MORRIS GLASS COMPANY,<br>INC., KERRY MORRIS, JULIE<br>MORRIS,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Alexander Stross's Motion to Enforce Judgment, Dkt. 18. After reviewing these filings, the relevant caselaw, and the parties' responses, the undersigned recommends granting the motion.

### I.   BACKGROUND

Alexander Stross is an accomplished professional photographer who focuses on architectural and landscape photography. Dkt. 1, at 2. Stross alleges that Defendant Morris Glass Company, Inc., featured one of his photographs on its website without Stross's authorization. *Id.* Stross sued for copyright infringement on March 10, 2023. Dkt. 1.

On June 7, 2023, counsel for Morris Glass sent an email to Stross with the following language: "I have authority to offer your client $7,500 for a full settlement of the pending action. This offer is being made pursuant to Rule 68 of the Federal

1

Rules of Civil Procedure. If this offer is not accepted, I will seek to recover my fees, costs, and expenses pursuant to Rule 68 and Section 505 of the Copyright Act." Dkt. 22-2, at 1.

On June 21, 2023, Stross filed a Notice of Acceptance of Morris Glass's Offer of Judgment, in accordance with Rule 68. Dkt. 15, at 1. Stross also noted that because Morris Glass's "offer neither states that costs are included nor specifies an amount for costs, Plaintiff hereby provides notice that he seeks accrued costs in addition to the amount stated in Defendants' offer." *Id.* Morris Glass responded that this constituted a rejection and a counteroffer, not an acceptance of its Rule 68 offer. Dkt. 16, at 1. Stross then filed a Motion to Enforce Judgment, Dkt. 18, now before the undersigned for consideration.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 68 provides that:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter the judgment.

Fed. R. Civ. P. 68(a). "Courts apply general contract principles to interpret Rule 68 offers of judgment." *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003).

## III. DISCUSSION

The question in this dispute is how to interpret silence. Morris Glass's settlement proposal offered "$7,500 for a full settlement of the pending action." Dkt.

22-2, at 1. The offer does not, however, *explicitly* mention attorney's fees or other costs. Morris Glass argues that the Court should read its offer as impliedly including attorneys' fees in the lump sum of $7,500. Dkt 22, at 4 ("Defendant's Rule 68 offer was unambiguous and expressed a clear intent for Defendant to pay $7,500 that fully settled all of the claims pending in the lawsuit, including Plaintiff's claim for attorney's fees."). Stross disagrees, contending that because the offer did not explicitly mention that costs were included, he was able to both accept the offer and seek fees.

The Supreme Court shed some light on this issue in *Marek v. Chesny*, 473 U.S. 1 (1985). There, police officers involved in a shooting made a settlement offer of $100,000 "for a sum, including costs now accrued and attorney's fees." *Id.* at 3-4. The Court, in deciding various issues related to Rule 68, provided a clear rule statement:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; ***if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount*** which in its discretion … it determines to be sufficient ***to cover the costs***.

*Id.* at 6 (emphasis added). Accordingly, where a Rule 68 offer does not reference costs, a party may accept that offer and later seek costs in addition to the amount offered.

Circuit courts around the country agree.[1] After all, this rule makes sense. Rule 68 dictates that "[i]f the judgment that the offeree finally obtains is not more

---

[1] *See, e.g.*, *LaPierre v. City of Lawrence*, 819 F.3d 558, 564 (1st Cir. 2016) ("[R]eading the Rule to dictate that an offer that is silent as to costs is exclusive of costs is consistent with the purposes of the Rule."); *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 36 (2d Cir. 2016) ("The Offer neither states that costs are included nor specifies an amount. Under the circumstances, *Marek* clearly holds that they be added."); *Lima v. Newark Police Dep't*, 658 F.3d 324, 331 (3d Cir. 2011) ("When, however, the offer of judgment is silent as to fees and costs, they must be

favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Accordingly, ambiguity in an offer of judgment puts the offeree in an untenable position. As the Seventh Circuit explained in *Sanchez v. Prudential Pizza, Inc.*:

> [A]n ambiguous offer puts the plaintiff in a very difficult situation and would allow the offering defendant to exploit the ambiguity in a way that has the flavor of "heads I win, tails you lose." If the plaintiff accepts the ambiguous offer, the defendant can argue that costs and fees *were* included. If the plaintiff rejects the offer and later wins a modest judgment, the defendant can then argue that costs and fees were *not* included, so that the rejected offer was more favorable than the ultimate judgment and that the plaintiff's recovery of costs and fees should be limited accordingly.

709 F.3d 689, 693-94 (7th Cir. 2013).

Morris Glass offers two arguments in response. First, Morris Glass argues that the Fifth Circuit departed from *Marek* and the national consensus of circuit courts in

---

fixed by the court after the offer of judgment is accepted."); *Bosley v. Min. Cnty. Comm'n*, 650 F.3d 408, 413 (4th Cir. 2011) ("If a defendant intends to make a lump sum Rule 68 offer inclusive of awardable costs, *Marek* makes abundantly clear the means by which to do so: precise drafting of the offer to recite that costs are included in the total sum offered."); *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564 (6th Cir. 2004) ("And consistently with that teaching [from *Marek*], Detroit II's silence on the subject of costs in its Rule 68 offer means that true costs are recoverable by McCain, so that the district court erred in disallowing them."); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013) ("Because the Rule 68 offer was silent as to costs and fees, we conclude that costs and fees were not included. We therefore reverse and remand for a determination of reasonable costs and fees."); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1118 (8th Cir. 1989) ("Because the offer of judgment in this case did not purport to include attorney's fees, the pre-offer attorney's fees must be added to the offer of judgment."); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) ("[I]t is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs."); *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) ("The Supreme Court has held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer."); *Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1192 (D.C. Cir. 1998) ("Had the offer been accepted, a court would have been compelled by *Marek* to treat the offer as one for $1,000 plus costs then accrued.").

4

*Basha*. There, a district court refused to enter an accepted offer of judgment, finding that the offer was invalid because it failed to quantify an amount of actual damages. *Basha*, 336 F.3d at 453. The Fifth Circuit affirmed, holding that "the circumstances surrounding the offer, if not the text itself, strongly support the view that the parties intended to settle all claims, including those for attorney's fees." *Id.* at 454. Specifically, the court was persuaded by correspondence where counsel indicated that the offer of judgment would "conclude this case as to our clients," as well as the plaintiff's active role in preparing the offer. *Id.*

The undersigned does not read *Basha* as rejecting *Marek* and the national consensus of circuit courts. Rather, *Basha* simply held that a district court may consider circumstances surrounding the offer in interpreting the text of an offer of judgment. That comports with *Basha*'s rule that "[c]ourts apply general contract principles to interpret Rule 68 offers of judgment." *Id.* at 453. Further, the court in *Basha* reviewed "[t]he district court's findings regarding the factual circumstances under which Rule 68 offers and acceptances are made" under the clear error standard. *Id.* Accordingly, *Basha* merely stands for the proposition that the district court did not clearly err in interpreting the offer, in light of the surrounding factual circumstances, as including attorney's fees and costs. Morris Glass has not presented, and the undersigned cannot find in the record, any analogous circumstances in this case.

Second, Morris Glass argues that "if this Court finds Defendant's Offer ambiguous, then it should hold that there was no meeting of the minds." Dkt. 22, at

5

6. Essentially, Morris Glass argues that because the two parties did not have a mutual understanding of whether the agreement included an offer of costs, there could not be a binding contract. But that argument is a complete nonstarter under *Marek*. *Marek* puts the rule simply: "if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion … it determines to be sufficient to cover the costs." 473 U.S. at 6. Accordingly, accepting Morris Glass's argument would require defying Supreme Court precedent.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Stross's Motion to Enforce Judgment, Dkt. 18. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate's docket and returned to the docket of the Honorable Robert Pitman.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 19, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE